IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

KENNETH KINTA NOLEN                                                                           PLAINTIFF
ADC #170874

v.                                        2:22-cv-00165-BSM-JJV

PATRICIA A. HOWELL, Sergeant, and
PERCY D. ARNOLD, Major, Delta Regional Unit                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Kenneth Kinta Nolen ("Plaintiff") is a prisoner in the Arkansas Division of Correction. He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging that in July 2022, Sergeant Patricia A. Howell violated his constitutional rights when she filed false disciplinary charges against him and failed to put her badge number on the charging document. (Doc. 7.) After careful consideration and for the following reasons, I recommend the Complaint

be dismissed without prejudice for failing to state a claim upon which relief may be granted.[1]

First, prisoners have a constitutional right to receive due process during prison disciplinary proceedings <u>only</u> if they implicate a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips,* 320 F.3d at 847. Specifically, prisoners have a liberty interest in avoiding temporary placement in administrative or punitive segregation in the rare instance the conditions there are an "atypical and significant hardship on him in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485; *Rahman X v. Morgan*, 300 F.3d 970, 973 (8th Cir. 2002). The Eighth Circuit has "consistently held that a demotion to segregation, even without cause, is not itself an atypical or significant hardship." *Smith v. McKinney*, 954 F.3d 1075, 1082 (8th Cir. 2020); *see also Ballinger v. Cedar Cnty*, Mo., 810 F.3d 557, 562-563 (8th Cir. 2016) (no atypical and significant hardship under *Sandin* when a prisoner was held in solitary confinement for one year with reduced access to showers, telephones, exercise, and social interaction); *Portley-El v. Brill,* 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship under *Sandin*); *Smith,* 954 F.3d at 1082 (no atypical and significant hardship in loss of class status or the suspension of commissary, phone, and visitation privileges). Plaintiff has not pled any facts suggesting he suffered an atypical or significant hardship or other infringement of his liberty interests as a result of the allegedly false and improperly completed disciplinary charge. Accordingly, he has not pled a plausible claim against Defendant Howell.

Plaintiff named Major Percy D. Arnold as a defendant in his original Complaint, but he did

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

not do so in his Amended Complaint.   (Docs. 2, 7.)   I previously advised Plaintiff an Amended Complaint would replace the original Complaint and render it without any legal effect.   (Doc. 3.) Thus, it appears Plaintiff has abandoned his claims against Major Arnold.   Even if Plaintiff did not intend to do so, he has not explained how Major Arnold personally violated his constitutional rights.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").   Thus, Plaintiff has not pled a plausible claim against Major Arnold.

Finally, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not do so.   (Doc. 3.)   For the reasons explained herein, I conclude Plaintiff's Amended Complaint has not pled any plausible claims for relief.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.   The Amended Complaint (Doc. 7) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.   The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).[2]

3.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

---

[2] In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit held a strike cannot be assessed at the time of dismissal. Instead the court deciding whether the prisoner is entitled to proceed *in forma pauperis* in a future proceeding must make that determination.

appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 14th day of December 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE